IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

MARIA DEL ROSARIO GARZA   :
             :
VS.          :  CIVIL ACTION NO. _____
             :
TRAVELERS LLOYDS OF    :
TEXAS INSURANCE COMPANY :
COMPANY AND COREY KRONK :

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

  COMES NOW Defendant, **TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY ("Travelers")** (hereinafter sometimes referred to as **"Defendant"**) and files this its Notice of Removal and would show the Court as follows:

## I.

  On December 1, 2016, Maria Del Rosario Garza (hereinafter "**Plaintiff**") filed suit against Defendants in the 357th District Court of Cameron County, Texas for alleged breach of contract, Texas Insurance Code violations, and breach of duty of good faith and fair dealing.  Travelers was served with Plaintiff's Original Petition on January 3, 2017. This was the first pleading served on Defendants.   At the time suit was filed and at the time of removal:

**A.**  **Diversity Exists**

  **1)**  Plaintiff is a citizen of the State of Texas;

2)      Travelers is an unincorporated Lloyds plan insurance association that sells insurance under a Lloyds Plan pursuant to Texas Insurance Code Chapter 941, whose underwriters are all citizens of the State of Connecticut. See affidavit of Jeffrey Scott Slack Exh. "A" None of the underwriters are citizens of the State of Texas; "[The] citizenship of an unincorporated association. . . is determined. . . solely by the citizenship of its members." *Ponton v. Allstate Texas Lloyd's*, No. H-10-4842, 2011 WL 2837592 (S.D. Tex. July 18, 2011);

3)      Corey Kronk ("Kronk")is improperly joined and therefore his citizenship should not be considered.

4)      Complete diversity exists between Plaintiff and Travelers.

**B.      The Amount In Controversy Meets The Jurisdictional Requisite**

Plaintiff in her petition alleges monetary damages of over $200,000.00 but no more than $1,000,000.00. The matter or amount in controversy between Travelers and Plaintiff exceeds the sum or value of $75,000.00 exclusive of interest and costs.

## II.

## DIVERSITY OF PARTIES - IMPROPER JOINDER

**A.      The Court Should Disregard Corey Kronk's Citizenship Because He Has Been Improperly Joined in this Action and Should Be Dismissed**

Plaintiff improperly joined Kronk solely to defeat diversity. Plaintiff's Original Petition brings causes of action against Kronk for "Unfair Insurance Practices" under

Chapter 541 of the Tex. Ins. Code.  There is no possibility that Plaintiff can recover against

Kronk on the claims alleged by Plaintiff in her Original Petition.

The presence of an improperly joined, non-diverse defendant does not defeat federal

removal jurisdiction premised on diversity. See *Borden v. Allstate Ins. Co.*, 589 F.3d 168,

171 (5th Cir. 2009). Improper joinder is established where the defendant shows: (1) actual

fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish

a cause of action against the non-diverse party in state court. *Gasch v. Hartford Acc. &*

*Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (*citing Smallwood v. Illinois Cent. R.R. Co.*,

385 F.3d 568, 573 (5th Cir. 2004)).

In determining whether a non-diverse defendant had been improperly joined to defeat

diversity jurisdiction by examining the sufficiency of the claims stated against the non-

diverse defendant, the Fifth Circuit Court of Appeals held that Federal Courts are required

to use the federal pleading standard (requiring claims to be plausible on the face) rather than

the more lenient Texas pleading standard. *Int. Energy Ventures Mgmt., L.L.C. v. United*

*Energy Group, ltd*, 818 F 3d 193, 203 (2016).  The court went on to say "at bottom, the

improper-joinder analysis in the context of removal and remand is solely about determining

the federal courts jurisdiction. That is it.  As state courts never consider the scope of such

jurisdiction, this analysis applies to federal courts exclusively. When determining the scope

of its own jurisdiction, a federal court does so without reference to state law, much less state

law governing pleadings". *Id* at 202  Furthermore, *Smallwood* requires a Rule 12 (b)(6) type

analysis of the complaint to determine whether the plaintiff stated a claim, looking initially at the allegations of the complaint. *Smallwood,* 385 F. 3d at 573. See also *International Energy* at 206. To pass muster under Rule 12 (b)(6), a complaint must contain enough facts to state a claim for relief that is plausible on its face. *Id.* In a case that has been removed to federal court on the basis of diversity, the determinative question is whether – under federal law- a non-diverse defendant was improperly joined. *International Energy* at 202.

**B.    No Plausible Reason to Join**

"There does not appear to be any reason in the instant action why [Kronk] would have been joined as a defendant other than to defeat diversity jurisdiction. Presumably [Travelers] is solvent and would be able to respond to whatever judgment might be entered against it. There is no suggestion that a recovery by plaintiff against [Kronk] would provide any financial gain to plaintiff." See *Plascencia v. State Farm Lloyds and Feliciano Gallegos,* 4:14-CV-524-A p.397 (N.D. Tex. Sept. 25, 2014)

**C.    Boilerplate/Generic Pleadings of Causes of Action and Conduct Against Kronk**

Evidence of improper joinder is boilerplate pleadings which were "vividly demonstrated to be present by [other] nearly worded complaints (petitions)..." *Plascencia* at 395. Plaintiff's counsel filed previous lawsuits against Travelers and different adjusters. The allegations against the adjuster in the prior lawsuits are almost identical to the allegations against Kronk in this lawsuit. Compare Exhs. B., C., D., E., F. and G. Original Petitions.

**E.     Plaintiff Cannot Establish a Cause of Action Against Kronk Under Chapter 542 of the Texas Insurance Code**

Plaintiff claims that Kronk violated Tex. Ins. Code § 542.003(b)(5) of the Prompt Payment of Claims Act.   Chapter 542 only applies to an insurer authorized to engage in business as an insurance company or to provide insurance in this state. See Tex. Ins. Code § 542.052. Accordingly, only an insurer can be held liable under Chapter 542. See Tex. Ins. Code § 542.060(a) ("If an insurer that is liable for a claim under an insurance policy is not in compliance with this subchapter, the insurer is liable to pay the holder of the policy or the beneficiary making the claim under the policy, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees.).

Kronk is not an insurer authorized to engage in business as an insurance company or to provide insurance in this state nor does Plaintiff alleges that Kronk is an insurer authorized to engage in business as an insurance company or to provide insurance in this state. Because Kronk cannot be held liable under Chapter 542, Plaintiff cannot establish a claim against Kronk for violations of Chapter 542 as a matter of law. See *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F. Supp. 3d 721, 723 (N. D. Texas, Dallas Div., Apr.7, 2014).

**F.     Plaintiff Cannot Establish a Cause of Action Against Kronk Under the Texas Administrative Code Chapter 21 or Chapter 541 of the Tex. Ins. Code**

These allegations against Kronk are not actionable as a matter of law, as they are either the same claims asserted against Travelers or the purported facts do not support recovery under the cited statutory provisions.

The Fifth Circuit has held that in order to find a reasonable possibility that a Texas Court would allow recovery against an insurance adjuster, the plaintiff must demonstrate that the adjuster, as an individual, committed the violation that caused the harm. *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). When an adjuster's actions "can be accomplished by [the insurer] through an agent," the adjuster's actions "are indistinguishable from [the insurer's] actions" and hence are insufficient to support a claim against the adjuster. *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, No. H-10-1846, 2011 WL 240335, at *14 (S.D. Tex. Jan. 20, 2011) (certain paragraphs in the petition were directed to the adjuster, but for the most part merely tracked the statutory provisions, alleging only that [the adjuster] inspected the property and that he submitted an undervalued repair estimate; these actions can be accomplished by [the insurer] through an agent, and as such, are indistinguishable from [the insurer]'s actions); see also *Atascocita Realty Inc. v. W. Heritage Ins. Co.*, No. 4:10-CV-4519, 2012 WL 4052914, at *3 (S.D. Tex Sept. 13, 2012) (dismissing insured's claims against individual adjusters for conduct undertaken in their capacity as employees and agents of corporate defendants because "such claims are, in essence, claims against the insurer").

With respect to Plaintiff's claims against Kronk, Plaintiff alleges he ignored covered damages, failed to conduct a thorough investigation, failed to properly adjust the claim, failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate, failed to respond to requests for information from the plaintiffs, failed to timely evaluate, failed to timely and properly estimate, and failed to timely report to Travelers. Exh. "B", pp. 8-10, ¶ VI.  Plaintiff generally alleges causes against Kronk for violations of Texas Administrative Code §§ 28 TAC 21.203(5) and Tex. Ins. Code §§ 541, 541.060, and 542.003(b)(5)  Plaintiff alleges the same causes against Travelers.

As is evidenced by the virtual identical allegations to the Defendants in the Petition, Kronk's actions are basically indistinguishable from Travelers. As such, no claim can be sustained against him individually. *Messersmith*, 10 F. Supp. 3d at 724.  ("[F]or an adjuster to be held individually liable, they have to have committed some act that is prohibited by the section, not just be connected to an insurance company's denial of coverage."). See also *One Way Investments, Inc. v. Century Sur.Co.*, No. 3:14-CV-2839-D, 2014WL 6991277, at *4 (N.D. Tex. Dec. 11, 2014). *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, 4:14-CV-00524-A(N.D. Tex. Sept. 25, 2014) (The court noted that there was no reason for the plaintiff to join the adjuster other than to defeat diversity jurisdiction). Also see, *Gonzalez v. State Farm Lloyds* No. 4:15-CV-305-A, 2015 US Dist. LEXIS 67979. In *Gonzalez*, the Northern District of Texas issued a combined memorandum opinion and order that addressed issues common to three separate actions asserted against State Farms Lloyds. The Court in

*Gonzalez* analyzed the state court pleadings in each of the three cases and concluded that the claim adjusters were named as defendants for the purpose of attempting to defeat Federal Court jurisdiction. See *Gonzalez* at *5. The Court concluded that none of the claims asserted against the adjuster in any of the three actions would survive a motion to dismiss for failure to state a claim upon which relief may be granted with the consequence that the adjusters' citizenship should be disregarded in determining whether diversity jurisdiction exist. See *Gonzalez* at *5 Thus, even though Plaintiffs include separate allegations against Kronk, as in *Plascencia*, there was no reason to join the adjuster other than to defeat diversity jurisdiction. Plaintiff's allegations are insufficient to support an interpretation that it could recover against Kronk individually.

## III.

## CONCLUSION

Federal removal jurisdiction is appropriate because this action is one over which this Court has diversity jurisdiction under 28 U.S.C. §1332, as amended; is one which may be removed to this Court under 28 U.S.C. §1441; and is properly and timely removable pursuant to 28 U.S.C. §1446(b). The right of removal is a substantial right, and it has been held that federal courts should be astute not to permit devices to become successful which are used for the very purpose of destroying that right. See *Jones v. Mosher*, 107 F. 561, 564 (8th Cir. 1901). Federal courts have held that creation of a nominal or fraudulent non-diverse party will not be condoned by allowing remand. *Nazario v. Deere & Co.*, 295 F. Supp.2d 360, 364

(S.D.N.Y., Dec. 17, 2003); *citing Allied Programs Corp. v. Puritan Ins. Co.*, 592 F. Supp. 1274, 1276 (S.D.N.Y. 1984); See also *Deutchman v. Express Scripts, Inc.* No. 07-CV-3539, 2008 WL 3538593, at *4 (E.D.N.Y. Aug. 11, 2008).

## IV.

True copies of all documents required by Local Rule 81 are being filed with this Notice of Removal.

## V.

Timely notice of this removal is being provided to Plaintiff and to the State District Court where this suit originated.

**WHEREFORE, PREMISES CONSIDERED, Defendant** prays that the action pending against it in the 357th Judicial District Court of Cameron County, Texas, be removed therefrom to this Court and for any further relief to which it may be entitled.

Respectfully submitted,

**ADAMS & GRAHAM, L.L.P.**
P. O. Box 1429
Harlingen, Texas 78551-1429
Telephone: (956) 428-7495
Telecopier: (956) 428-2954

By _____
TOM LOCKHART
State Bar No. 12473500
Email: tlockhart@adamsgraham.com

*Attorneys for Defendant TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was forwarded to counsel of record for Plaintiff *via E-filing* on this 1st day of February, 2017, to the following counsel of record:

Courtney Potter
Kevin S. Baker
**KETTERMAN ROWLAND & WESTLUND**
16500 San Pedro, Suite 302
San Antonio, Texas 78232
*Attorney for Plaintiff*


_____

**TOM LOCKHART**